**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| EUGENE JACKSON : | |
| Petitioner : | |
| v : | Civil Action No. WMN-11-1876 |
| : | (Related Crim Case WMN-01-464) |
| J.R. CARAWAY : | |
| Respondent : | |

o0o

# MEMORANDUM

Pending is Respondent's Response to the above-captioned Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. §2241.  ECF No. 3.  Petitioner has filed a Reply.  ECF No. 5. A hearing in this matter is unnecessary.  See Local Rule 105.6 (D. Md. 2011).

## Background

Petitioner Eugene Jackson ("Jackson") was convicted on May 21, 2002, of conspiring to distribute and possession with intent to distribute one kilogram or more of heroin.  On July 19, 2002, Jackson was sentenced to life imprisonment. His conviction was affirmed by the Fourth Circuit on August 15, 2003.  Jackson subsequently filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, which was denied on February 8, 2005.  The Fourth Circuit denied Jackson's request for a certificate of appealability. Jackson later filed additional motions, one of which was re-characterized as a motion under § 2255 and another which was styled as a motion pursuant to § 2255.  Both were denied.

Jackson states that the government filed a notice of enhancement under 21 U.S.C. §851(a).  ECF No. 1 at Ex. B.  One of the prior convictions used to enhance his sentence was a 1992 drug case from the Circuit Court for Baltimore City, Maryland in which Jackson entered an

*Alford* plea.[1]  *Id*. at Ex. D. Jackson claims he was not represented by counsel at the proceeding where he entered the *Alford* plea and in exchange for the plea, he was released from custody that day.

On June 30, 2011, Jackson filed the instant petition. Jackson asserts that his prior conviction from the Circuit Court for Baltimore City should not have been used to enhance his sentence. He claims a recent Fourth Circuit decision, issued after his Motion to Vacate was decided, holds that a conviction based on an Alford plea may not be used to enhance a sentence under the United States sentencing guidelines. ECF No. 1 at p. 3, *citing United States v. Willie Lee Alston*, Slip Op. No. 09-4375 (4th Cir. July 2, 2010). Jackson asserts that *Alston* is new decisional law which renders his sentence inoperable and should apply retroactively to his case. *Id*. Jackson further claims that although *Alston* is not a Supreme Court decision, the same principles should apply to the case as if it were because if it had been available during the trial, appellate or post-conviction stages of his case Jackson would have prevailed. ECF No. 1 at p. 4.

Respondent asserts that the instant petition should be construed as a Motion to Vacate under 28 U.S.C. §2255. ECF No. 3. As such, the Motion to Vacate would be both successive and untimely. *Id*. Alternatively, Respondent claims that the enhancement of Jackson's sentence was appropriately based on the *Alford* plea case. *Id*. at p. 4.

## Standard of Review

The threshold question presented is whether this claim is properly raised in a § 2241 petition or is more properly construed as a Motion to Vacate under 28 U.S.C. §2255. A petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 and a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 are distinct mechanisms for obtaining post-conviction

---

[1] The plea permits a criminal defendant to enter the equivalent of a guilty plea by admitting there is enough evidence to convict him at trial, but maintaining his innocence. *See North Carolina v. Alford*, 400 U.S. 25 (1970).

relief. A § 2241 petition attacks the manner in which a sentence is executed. *See* 28 U.S.C. §2241(a). By contrast, a §2255 motion challenges the validity of a conviction or sentence. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

Although a federal prisoner generally may not seek collateral relief from a conviction or sentence through filing a §2241 petition, there is an exception under the "savings clause" of §2255.[2] It provides a prisoner may seek relief under §2241 if the remedy under §2255 is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. §2255. A motion filed pursuant to §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *See Jones* 226 F.3d at 333-34.

**Analysis**

In *Alston* the petitioner raised the following issue: "[w]here the defendant enters a plea under the doctrine announced in *North Carolina v. Alford*, 400 U.S. 25 (1970), can the district court consider the disputed facts proffered by the prosecutor to establish the nature of a prior conviction and whether that conviction qualifies as a [violent felony] under the Armed Career Criminal Act [ACCA]?" *Alston*, 611 F. 3d 219, 222 (4th Cir. 2010). The prior conviction at

---

[2] 28 U.S.C. §2255 provides in relevant part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

issue in *Alston* was second-degree assault which under Maryland law is a broad-based offense which "embraces a wide range of conduct, including kissing without consent, touching or tapping, jostling, and throwing water upon another." *Id. citing United States v. Kirksey*, 138 F. 3d 120, 125 (4th Cir. 1998). The sentencing court in *Alston* thus permitted the government to proffer evidence that the particular assault conviction at issue involved violence. The transcript of the proceeding established that the witnesses for the state would have testified that Alston pointed a gun at three victims and said he would kill them all and that Alston admitted the witnesses would testify to that effect, but he did not admit he did the act. *Alston* at 223. The Fourth Circuit Court of Appeals found that the Supreme Court's decision in S*hepard v. United States*, 544 U.S. 13 (2005) [3] "prevents sentencing courts from assessing whether a prior conviction counts as an ACCA predicate conviction by relying on facts neither inherent in the conviction nor admitted by the defendant." *Id.* at 226. In short, *Alston* concerned examination of additional evidence to determine if the nature of the predicate offense fits within the ACCA sentencing requirements. In Jackson's case, however, there is no ambiguity concerning the nature of the predicate offense, possession with intent to distribute cocaine, making the issue of whether or not he admitted to specific factual allegations regarding the offense irrelevant.

      Notwithstanding the inapplicability of *Alston* to Jackson's case, he has also failed to show that his claim falls within the exception carved out for 2241 habeas corpus relief. Leaving aside the fact that *Alston* is not a Supreme Court case, it is also not a decision which calls into question the criminality of the conduct underlying his criminal conviction. *See e.g. Jones*, 226 F. 3d at 334 (intervening Supreme Court decision[4] clarified that mere possession of a firearm does

---

[3] The *Shepard* decision held that a sentencing court cannot look to police reports to determine if a generic burglary conviction qualifies a defendant under the ACCA.

[4] *Bailey v. United States*, 516 U.S. 137 (1995).

not constitute use of a firearm in drug trafficking offense). Jackson asserts that the meaning of the *Alston* holding is that he is "actually innocent" of the life sentence he received. ECF No. 5, p. 7. The sentencing enhancement resulting in a life sentence, however, is not "conduct" for which Jackson was found guilty and which has been called into question by *Alston*. The "actual innocence" exception Jackson references applies where a petitioner seeks to raise procedurally defaulted claims. Notably, Jackson does not claim he is actually innocent of either the predicate offense used to enhance his sentence or the offense for which he was sentenced. *See United States v. Pettiford*, 612 F. 3d 270, 283 (4th Cir. 2010) (actual innocence requires proof that petitioner did not commit the crime of which he was convicted). Thus, it is clear that the instant petition is not appropriately filed as such and is actually a successive Motion to Vacate;[5] over which this Court lacks jurisdiction.

     A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U. S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because this court finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability shall be denied. *See* 28 U.S.C.§ 2253(c)(2). Accordingly, the Petition for Writ of

---

[5] Under 28 U.S.C. §2255:

    A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Habeas Corpus shall be denied by separate Order which follows.

/s/

 11/15/2011  
Date

William M. Nickerson  
Senior United States District Judge